UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JANE GUINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:17-cv-00152 |
| | § | |
| CATHRYN JOY DUBBERLY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jane Guinn ("Plaintiff" or "Guinn") files this Original Complaint against Defendant Cathryn Joy Dubberly ("Defendant" or "Dubberly") for Money Had and Received, Quantum Meruit, and Promissory Estoppel, seeking recovery of not less than $424,181.94 in payments rendered by Guinn on behalf of Dubberly which Dubberly has failed to repay. Guinn further seeks a declaration declaring the rights and obligations of the parties. In support of this Complaint, Guinn respectfully shows the Court the following:

### I. THE PARTIES

1. Plaintiff is a natural person that is a citizen and resident of the State of North Carolina with her principal place of abode located in Watauga County, North Carolina.

2. Dubberly is a natural person that is a citizen and resident of the State of Texas. She may be personally served with process and citation at her principal place of abode, located at 5222 Sarazen Drive, Corpus Christi, Texas 78413 or wherever she may be found.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2), because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive

of interests and costs. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

4. This Court has jurisdiction over Defendant Dubberly because she is a resident and citizen of the State of Texas and has done business in Texas so as to render the exercise of jurisdiction by the district courts permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(1) because it is the judicial district in which the defendant resides and, because there is only one defendant, all defendants are necessarily residents of the State in which the district is located.

### III. FACTS APPLICABLE TO ALL COUNTS

6. Jane Guinn has been the duly appointed manager of the Texas Limited Liability Company Guinn-Dubberly, LLC (the "Company") since March of 2007. Dan Dubberly and his then wife, Cathryn Joy Dubberly, got divorced in 2013. The divorce decree awarded Dan Dubberly's ownership percentage to Ms. Dubberly.

7. The Company has one primary asset, a piece of real estate and a building located thereon, in Rockport, Texas. The real estate is secured and a mortgage thereon is owed, payable monthly. The property must be covered by insurance and property taxes must be paid thereon.

8. Since Joy Dubberly became an assignee of the membership interest of Dan Dubberly, she has failed to render a single mortgage payment, or any portion thereof, despite demand. As such, in order to preclude an event of foreclosure of the Company's primary asset, Jane Guinn has been forced to render the entirety of each mortgage payment, plus 100% of the insurance on the property, 100% of the property taxes, and related expenses. All together, Jane Guinn has fronted to Dubberly an amount totaling at least $424,181.94.

9. Jane Guinn's husband, A. Lee Guinn, died on January 11, 2015, whereby his ownership interest in the Company was transferred to her.

10. Dubberly, through counsel, has consented to the sale of the Property. However, despite freeloading on Jane Guinn's payments for a number of years, Dubberly has begun to make improper demands on the assets of the Company unsupportable under the law. As such, in addition to seeking repayment for the money fronted by Guinn, Guinn is also forced to seek a declaration in this matter setting forth the parties' rights.

### IV. CLAIMS

**COUNT ONE: MONEY HAD AND RECEIVED.**

11. Guinn hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

12. Defendant holds money or its equivalent from Plaintiff that in equity and good conscience belongs to Plaintiff. This includes the funds paid by Jane Guinn for Dubberly's direct benefit, including Dubberly's portion of the mortgage payments, insurance payments, property taxes, and other business expenses. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained substantial injury, for which Plaintiff seeks appropriate judicial relief, including, but not limited to, recovery of actual and special monetary damage, and interest in a sum within the jurisdictional limits of the Court.

**COUNT TWO: QUANTUM MERUIT.**

13. Guinn hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

14. Plaintiff provided valuable services to Defendant, including management services and payment of Dubberly's portion of the mortgage payments, insurance payments, property taxes, and other business expenses relating to the property.

15. The services were provided for the Defendant.

16. The Defendant accepted the services.

17. Defendant had reasonable notice that the plaintiff expected compensation for the services, including when Plaintiff provided details of the obligations and what reimbursement would be required.

18. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained substantial injury, for which Plaintiff seeks appropriate judicial relief, including, but not limited to, recovery of actual and special monetary damage, and interest in a sum within the jurisdictional limits of the Court.

**COUNT THREE: PROMISSORY ESTOPPEL.**

19. Guinn hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

20. Defendant made a promise to the Plaintiff that Defendant would reimburse Plaintiff for the expenses paid on Defendant's behalf by Plaintiff. This promise was made by Defendant's silence when she had a duty to speak and did not speak. This specifically includes the instances wherein Plaintiff provided details of the obligations and what reimbursement would be required to Defendant.

21. Plaintiff reasonably and substantially relied on the promise to her detriment.

22. Plaintiff's reliance was foreseeable by the Defendant, as Defendant was aware that Plaintiff continued to render payments for Defendant's benefit after Defendant was provided detailed information on the payments.

23. Injustice can only be avoided by enforcing Defendant's promise.

24. As a direct and proximate result of the Defendant's actions, Plaintiff has sustained substantial injury, for which Plaintiff seeks appropriate judicial relief, including, but not limited to, recovery of actual and special monetary damage, and interest in a sum within the jurisdictional limits of the Court.

**COUNT FOUR: DECLARATORY JUDGMENT**

25. Guinn hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

26. There is a genuine claim or controversy regarding whether Guinn is required to place the funds from the sale of property into an "escrow" as demanded by Dubberly. Despite Dubberly's demand, this is not a requirement under applicable law. Whether and when to make distributions is a matter directed to the sound business judgment of the manager of the entity. Further, even in the event that distributions are deemed appropriate in the sound business judgment of the manager of the Company, there is no requirement to place the funds into an escrow and under what terms such placement would be accomplished.

27. Therefore, in accordance with 28 U.S. Code § 2201, Plaintiff seeks declaratory relief and respectfully requests that the Court enter an order declaring that Dubberly's demand to render a distribution and to place the funds into an escrow is without legal basis and must be rejected.

28. Accordingly, there is an actual, immediate, ripe and justiciable controversy between the parties to this action since Defendant's counsel has, in effect, threatened litigation. Accordingly, under, among other things, 28 U.S. Code § 2201, Plaintiff seeks the above referenced declaration along with her reasonable and necessary attorneys' fees in connection with bringing this action for declaratory relief.

## V. ATTORNEYS' FEES AND COSTS OF COURT

29. Plaintiff hereby incorporates and realleges the matters set forth in the preceding paragraphs as if set forth at length.

30. Plaintiff has retained the firm of POWERS TAYLOR LLP to represent her in this action and has agreed to pay the firm reasonable and necessary attorneys' fees.

31. Plaintiff seeks recovery of her reasonable attorneys' fees and costs in pursuing this action, including pursuant to her request for a declaratory judgment.

## VI. DEMAND FOR JURY TRIAL

32. Plaintiff hereby demands a trial by jury and has paid the required jury fee concurrently with this filing.

## VII. REQUEST FOR RELIEF

CONSIDERING THE FOREGOING, Plaintiff Jane Guinn, respectfully requests that upon trial, this Court enter a judgment in favor of her against Defendant Dubberly, providing for the following relief:

- a. An award of Plaintiff's actual and special damages as pleaded herein, including the policy proceeds and all compensatory, consequential, and economic damages, within the jurisdictional limits of the Court;
- b. Costs of Court;
- c. Pre-judgment and post-judgment interest at the highest rate(s) allowed by law;

d. Statutory damages allowed by law; and

e. Such other and further relief, at law or in equity, to which Plaintiff may be entitled and which this Court deems just and fair.

Dated: May 5, 2017

Respectfully submitted,

By: */s/ Peyton J. Healey*
Peyton Healey
State Bar No. 24035918
peyton@powerstaylor.com
POWERS TAYLOR, LLP
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206
Telephone (214) 239-8900
Facsimile (214) 239-8901

**COUNSEL FOR PLAINTIFF**